[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14631
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-20863-JLK

LEYLA SCHROCK,

Plaintiff-Appellant,

versus

PUBLIX SUPER MARKETS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 22, 2016)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Leyla Schrock appeals the district court's grant of summary judgment in favor of Publix on her employment discrimination and retaliation claims under Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3, and the ADEA, 29 U.S.C. §§ 621-634. Ms. Schrock filed suit after Publix demoted her and then transferred her to a different store. On appeal, Ms. Schrock argues that the district court erred by granting Publix's motion for summary judgment on her disparate treatment and retaliation claims because she established a *prima facie* case of age and sex discrimination. Publix, in response, asserts that Ms. Schrock was unqualified for her supervisory position and that she failed to provide evidence of a causal link between her complaints of retaliation and her subsequent demotion.

After review of the record and consideration of the parties' briefs, we affirm.

# I

Ms. Schrock, who is over the age of 40, sued Publix when she was demoted from bakery manager to assistant bakery manager and then transferred to a different Publix store. She alleged that during her employment Publix discriminated against her on the basis of her sex and age, and then retaliated against her after she engaged in the protected activity of complaining about her treatment.

Following discovery, Publix moved for summary judgment. The district court entered summary judgment against Ms. Schrock, explaining that she had

2

received poor annual performance evaluations for each of the three years preceding her demotion and that she had received several warnings that she would be demoted or fired if her job performance failed to improve. Ms. Schrock filed a motion for reconsideration, arguing that the district court should have considered her affidavit and handwritten notes. The district court denied Ms. Schrock's motion, noting that it gave the affidavit and notes due consideration, but that the evidence was insufficient to preclude the entry of summary judgment. Ms. Schrock now appeals.

## II

We review *de novo* the district court's grant of summary judgment in favor of Publix. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Id.* at 836-37.

On appeal, Ms. Schrock argues that the district court erred in granting summary judgment on her sex and age discrimination claims. She argues that a question of fact existed as to whether she was qualified for the bakery manager position because she had occupied that position for a number of years, and because deficiencies in her job performance resulted from the lack of an assistant bakery manager.

**A**

Title VII makes it unlawful for an employer "to . . . discriminate against any individual . . . because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a)(1). Where, as here, there is only circumstantial evidence of discrimination, we use the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to analyze a Title VII claim.  Under this framework, a plaintiff first must initially establish a prima facie case, which generally consists of the following: (1) the plaintiff was a member of a protected class; (2) she was qualified to do the job; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside of the protected class were treated differently.  *See Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012).  In an age discrimination case under the ADEA, a plaintiff may establish a prima facie case by showing that: (1) she was a member of the protected age group; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was replaced by a younger individual. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).  A court may infer that a plaintiff is qualified for a position if she has enjoyed a long tenure in that position.  *See Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1299 (11th Cir. 2015).

If a plaintiff establishes a prima facie case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged

4

employment action. *See Mazzeo v. Color Resolutions Intern.*, LLC, 746 F.3d 1264, 1270 (11th Cir. 2004). If the employer satisfies this burden, then the plaintiff must provide sufficient evidence that the proffered reason is merely a pretext for unlawful discrimination. *See id.*

The district court did not err in granting summary judgment to Publix on Ms. Schrock's sex and age discrimination claims under Title VII of the ADEA. Although Ms. Schrock may have been qualified for the bakery manager position that she held for five years, she failed to show that Publix's legitimate, non-discriminatory reason for her demotion was pretextual. *See Alvarez v. Royal Atlantic Developers*, 610 F.3d 1253, 1265-66 (11th Cir. 1999). Publix submitted evidence of a legitimate and non-discriminatory reason for Ms. Schrock's demotion to assistant bakery manager, namely her record of counseling statements and the critiques listed in her performance reviews. Ms. Schrock failed to offer any probative evidence that Publix's reasons were false and that discrimination was the real reason for her demotion and transfer. Therefore, we affirm the district court's grant of summary judgment on the sex and age discrimination claims.

**B**

Ms. Schrock also argues on appeal that the district court erred in granting summary judgment in favor of Publix on her retaliation claim. Ms. Schrock points out that she had complained to her supervisor and to personnel in human resources

about discrimination and that these persons were aware of her complaints. But the unfair treatment Ms. Schrock complained of—requiring her to manage the bakery without sufficient time to do so—is not an unlawful employment practice under Title VII.

"An employee's opposition to the [alleged] discrimination is protected if she can reasonably form a good faith belief that the [prohibited] discrimination existed." *Taylor v. Runyon*, 175 F.3d 861, 869 (11th Cir. 1999). But here Ms. Schrock has not made any such showing. An employer's demand that more work be done—even if unjustified—is not discriminatory. *Cf. Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 714-17 (11th Cir. 2002) (holding that an employee established a *prima facie* retaliation claim when separate instances of retaliation—i.e. a marked reduction in his overtime pay as well as opportunities to collect overtime—viewed collectively amount to an adverse employment action); *Taylor*, 175 F.3d at 869-71 (holding that an employee made out a *prima facie* claim for retaliation where an employer told employee that her career would not advance because of her gender discrimination claim, and employer declared employee untrustworthy because of her filed claim, as well as continued unpleasant and abusive situations in her work environment); *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1267-68 (11th Cir. 2008) (holding that employee stated a claim for retaliation where he was terminated for failing to sign

6

a dispute resolution agreement that applied to his charge of racial discrimination pending with the Equal Employment Opportunity Commission).

## C

Finally, Ms. Schrock asserts on appeal that the district court erred by denying her motion for reconsideration. We review the denial of a Rule 59(e) motion for an abuse of discretion. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). The grounds for granting a motion to alter or amend a judgment under Rule 59(e) are newly discovered evidence or manifest errors of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The district court did not abuse its discretion in denying the motion for reconsideration, given that Ms. Schrock did not present any new evidence and did not demonstrate any errors of law or fact. Moreover, the district court explicitly considered Ms. Schrock's affidavit and notes and found them insufficient to create an issue of fact precluding an entry of summary judgment.

## III

We affirm the district court's grant of summary judgment in favor of Publix and denial of Mr. Schrock's motion for reconsideration.

**AFFIRMED.**

7